IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JESSICA LEE HORAN-MARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 22-661-GBW-LDH |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Jessica Lee Horan-Marks ("Plaintiff") appeals *pro se*[1] from an unfavorable decision by the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits. (D.I. 1). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). Consistent with a court-ordered briefing schedule (D.I. 11), the parties filed and briefed cross-motions for summary judgment. (D.I. 12, 13, 15, 16, 17, 18). For the following reasons, I recommend that Plaintiff's motion for summary judgment (D.I. 12) be GRANTED and the case REMANDED for further administrative proceedings, and Defendant's cross-motion for summary judgment (D.I. 16) be DENIED.

---

[1] Because Plaintiff is proceeding *pro se*, I must "liberally construe her pleadings, and 'apply the applicable law, irrespective of whether [s]he has mentioned it by name.'" *Johnson v. Saul*, No. 18-1753-MN, 2020 WL 1285836, at *11 (D. Del. Mar. 18, 2020) (quoting *Holley v. Department of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).

## I. LEGAL STANDARD

Courts have plenary review over the Commissioner's legal conclusions but review the Commissioner's factual findings for "substantial evidence." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Benyhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Biestek*, 587 U.S. at 103. In reviewing whether substantial evidence supports the Commissioner's findings, courts may not "re-weigh the evidence or impose their own factual determinations." *Chandler*, 667 F.3d at 359; *see also Zirnsak v. Colvin*, 777 F.3d 607, 610–11 (3d Cir. 2014). In other words, reviewing courts must affirm the Commissioner if substantial evidence supports the Commissioner's decision, even if they would have decided the case differently.

To determine if a claimant is disabled, the Commissioner follows a five-step sequential inquiry. *See* 20 C.F.R. § 416.920(a)(4)(i)–(v). The Third Circuit has previously explained this sequential analysis, and the shifting burdens that attend each step, in detail:

> The first two steps involve threshold determinations. In step one, the Commissioner must determine whether the claimant currently is engaging in substantial gainful activity. If a claimant is found to be engaging in substantial gainful activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. In step three, the Commissioner compares the medical evidence of the claimant's impairment to

2

> a list of impairments presumed severe enough to preclude any gainful work. If the impairment is equivalent to a listed impairment the disability claim is granted without further analysis. If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform his past relevant work. The claimant bears the burden of demonstrating an inability to return to his past relevant work. If the claimant does not meet the burden the claim is denied.
>
> If the claimant is unable to resume his former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. The Commissioner must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his or her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether he is capable of performing work and is not disabled.

*Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545–46 (3d Cir. 2003) (internal citations omitted). The analysis is identical whether an application seeks disability insurance benefits or supplemental security income. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 n.3 (3d Cir. 2004).

## II.   BACKGROUND

On September 1, 2017, Plaintiff filed for disability insurance benefits due to Ehlers-Danlos syndrome, anxiety, and depression, during the relevant period between her alleged onset date, May 4, 2017, and her date last insured ("DLI"), December 31, 2017. (D.I. 7 (hereinafter "Tr.") at 10–12). Plaintiff's claim was denied twice: initially on August 9, 2018, and upon reconsideration on January 8, 2019. (*Id.* at 56–73). Following these denials,

Plaintiff requested a hearing before an ALJ, who ultimately denied Plaintiff's request for benefits. (*Id.* at 11–18, 87–88). Plaintiff subsequently initiated this action seeking judicial review of the ALJ's decision. (D.I. 1).

## III.  DISCUSSION

Plaintiff contends that the ALJ failed to consider the medical opinions of her treating physicians, Dr. Rebecca McIlroy and Dr. Peter Covaleski, and that this failure was error. (D.I. 12 at 9–10, 12–15). I agree.

The ALJ summarily concluded, without analysis, that Dr. McIlroy's and Dr. Covaleski's opinions were "irrelevant to the period at issue and not persuasive" because they treated Plaintiff after her date last insured ("DLI"). (Tr. at 16).[2] But "the mere fact that [a treating physician's] opinion was issued . . . after the date last insured does not support the rejection of that opinion." *Jose V. v. O'Malley*, No. 22-1430, 2024 WL 4583529, at *8 (M.D. Pa. Oct. 25, 2024) (citing *Fargnoli v. Massanari*, 247 F.3d 34, 38 n.3 (3d Cir. 2001)).

Indeed, in *Fargnoli*—a case Plaintiff cites that Defendant does not rebut—the Third Circuit instructed the ALJ to discuss the significance of opinions rendered after the DLI:

> The record also includes the treatment notes and opinions of physicians treating or examining Fargnoli, or reviewing his medical records, after his date last insured . . . Because these treatment notes and opinions are for a time period after Fargnoli's last insured date and, with the exception of one treatment note from Dr. Karpin, were not mentioned in the ALJ's opinion, we do not know what significance, if any, they had in the ALJ's determination. On

---

[2] The ALJ's entire analysis of these opinions is a single paragraph: "Additionally, I acknowledge that the claimant's treating providers Rebecca McIlroy, D.O. (B12F) and Peter S. Covaleski, M.D. (B20F) completed physical residual functional capacity forms detailing their opinions of the claimant's limitations; however, these physicians indicated that their treatment of the claimant occurred in March of 2018, well after the date last insured. Therefore, I determined these opinions irrelevant to the period at issue and not persuasive." (Tr. at 16).

> remand, the ALJ should discuss the significance of these records and
> whether he is relying on any of them in reaching his determination.

*Fargnoli*, 247 F.3d at 38 n.3. So too here. The mere fact that Dr. McIlroy's and Dr. Covaleski's treatment and opinions post-dated the DLI does not support the ALJ's decision to simply ignore them without further discussion or consideration of their potential weight as required under the law—however insignificant the ALJ may eventually find that weight to be.

Accordingly, I cannot conclude that the ALJ's determination was based on substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, I recommend that Plaintiff's motion for summary judgment be GRANTED, and the case REMANDED for further administrative proceedings in accordance with the findings contained herein. Accordingly, I recommend that Defendant's cross-motion for summary judgment be DENIED.

Because I have recommended that the case be remanded to the ALJ so that he can make a sufficient record with respect to, *inter alia*, his residual function capacity determination, *see supra*, Plaintiff's additional claims of error may be remedied through the case's treatment on remand. "A remand may produce different results on these claims, making discussion of them moot." *Brown v. Saul*, No. 18-1619-MEM-GBC, 2020 WL 6731732, at *7 (M.D. Pa. Oct. 23, 2020), *report and recommendation adopted*, 2020 WL 6729164, at *1 (M.D. Pa. Nov. 16, 2020); *accord Marilyn G.D. v. Comm'r of Soc. Sec.*, No. 21-494-KM, 2022 WL 855684, at *8 (D.N.J. Mar. 22, 2022); *LaSalle v. Comm'r of Soc. Sec.*, No. 10-1096-DWA, 2011 WL 1456166, at *7 (W.D. Pa. Apr. 14, 2011); *Bruce v. Berryhill*, 294 F. Supp. 3d 346, 364 (E.D. Pa. 2018). Accordingly, I decline to address them further.

5

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be filed within fourteen days and limited to ten pages. Any response shall be filed within fourteen days thereafter and limited to ten pages. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court.

The parties are directed to the Court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which can be found on the Court's website.

Dated: February 7, 2025

_____
Laura D. Hatcher
United States Magistrate Judge